(7 Misc. Rep. 401.)

LYON v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. March 9, 1894.)

DAMAGES—PHYSICAL EXAMINATION OF PLAINTIFF.

Laws 1893, c. 721, provides that, in actions for personal injuries, the court or judge, in granting an order for the examination of plaintiff before trial, may, if defendant applies therefor, direct that plaintiff submit to a physical examination. *Held*, that an order for a physical examination cannot be made, except in connection with, or as part of, an order for the oral examination of plaintiff before trial.

Appeal from special term.

Action by Agnes S. Lyon, an infant, against the Manhattan Railway Company, to recover damages for personal injuries. From an order directing plaintiff to submit to physical examination, on the application of defendant, plaintiff appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

Nelson Smith, for appellant.

Davies, Short & Townsend, for respondent.

PER CURIAM. The order will have to be reversed because it was not made in connection with, or as a part of, an order for the oral examination of the plaintiff before trial, under section 873 of the Code. The new legislative enactment, (Laws 1893, c. 721,) which gives the defendant, when sued for personal injuries, the right to demand that the plaintiff submit to a physical examination, is as follows:

"In every action to recover damages for personal injuries, the court or judge, in granting an order for the examination of the plaintiff before trial, may, if the defendant apply therefor, direct that the plaintiff submit to a physical examination by one or more physicians or surgeons, to be designated by the court or judge, and such examination shall be had and made under such restrictions and directions as the court or judge shall deem proper. In any action brought to recover damages for personal injuries, where the defendant shall present to the court or judge satisfactory evidence that he is ignorant of the nature and extent of the injuries complained of, the court or judge shall order that such physical examination be made."

This statute contemplates that the application for physical examination shall be made as an addition to an application for the ordinary examination of an adversary before trial. It is enacted as an amendment to the section providing for the latter. It leaves the question of ordering a physical examination, in actions for personal injuries, to the discretion of the judge, unless the defendant proves "that he is ignorant of the nature and extent of the injuries complained of," in which case the court is bound to grant the order. The reason for thus connecting the physical examination with the oral examination is plain. It is to afford the plaintiff, who is examined, as well as the defendant, who has demanded the examination, the benefit of such examination on the trial, and to that end to preserve the record of it. Sections 880 and 881 enact, of examinations under section 873, that "the deposition when completed, must be carefully read to and subscribed by the person examined; must be certified by the judge or referee taking it; and, within ten days thereafter, must be filed in the office of the clerk." Also, that "the deposition or a certified copy thereof, may be read in evidence by either party, at the trial." Where a physical examination is had, the questions put to the plaintiff, the answers thereto, and the testimony of the physicians by whom the examination is made, are (so far as required by either party) to be reduced to writing, verified, certified, and filed, and may be read by either party. Were it otherwise, there would be no record of the physical examination, and the evidence obtained by it would be available to the party who calls the physician as a witness, and then only

to the extent of his recollections, or the accuracy of his notes, if he makes any. These difficulties and dangers presented themselves to the learned judge at special term, who, in view thereof, has devised an excellent means of working the statute, which can be put in practice under section 873 of the Code, under the proper order. The question of the constitutionality of the statute is not before us, as the order does not come up in a shape to present that question. Order reversed.